11-662-cr
United States v. Forbes

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand twelve.

PRESENT:  REENA RAGGI,
                 CHRISTOPHER F. DRONEY,
                      *Circuit Judges*,
                 KIYO A. MATSUMOTO,
                      *District Judge*.[*]

------------------------------------------------------------------------------------

UNITED STATES OF AMERICA
                   *Appellee*,

           v.                                                   No. 11-662-cr

JASON FORBES,
                   *Defendant-Appellant*,

------------------------------------------------------------------------------------

FOR APPELLANT:  Darrell B. Fields, Appeals Bureau, Federal Defenders of New York, Inc., New York, New York.

FOR APPELLEE:  Michael D. Lockard, Andrew L. Fish, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

---

[*] The Honorable Kiyo A. Matsumoto of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 7, 2011, is AFFIRMED.

Defendant Jason Forbes challenges as substantively unreasonable his 60-month prison sentence on a single count of possession of child pornography, see 18 U.S.C. § 2252A(a)(5)(B), which prison term was imposed on resentencing following Forbes's violation of the probationary sentence originally imposed. On reasonableness review of a challenged sentence, we apply a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007); accord United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). That standard recognizes that reasonableness "is inherently a concept of flexible meaning, generally lacking precise boundaries." United States v. Verkhoglyad, 516 F.3d 122, 134 (2d Cir. 2008) (quoting United States v. Crosby, 397 F.3d 103, 115 (2d Cir. 2005)). Thus, "in the great majority of cases, a range of sentences . . . must be considered reasonable," United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008), and we will "set aside a district court's substantive determination" as to an appropriate sentence "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," United States v. Cavera, 550 F.3d at 189 (emphasis in original, internal quotation marks omitted). In applying these principles here, we assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Forbes maintains that his 60-month prison sentence is substantively unreasonable because it greatly exceeds the advisory Guidelines range of three to nine months' imprisonment for Grade C probation violations. See U.S.S.G. § 7B1.4(a). This argument ignores the commentary to § 7B1.4, which recognizes that a higher sentence may be warranted where the original probationary sentence was below the originally applicable Guidelines range. See U.S.S.G. § 7B1.4 cmt. n.4. That is this case. Forbes's Guidelines range for his child pornography crime was 78 to 97 months' imprisonment and, in his plea agreement, Forbes agreed that a sentence within that range would be reasonable, and waived any right to appeal if sentenced within that range. When probation is revoked in these circumstances, "a resentence that falls within the range for the underlying crime of conviction will rarely qualify as too severe to be substantively reasonable." United States v. Verkhoglyad, 516 F.3d at 135; see also id. at 130 n.6 (recognizing that, upon revocation, defendant is not sentenced for probation violation, but is resentenced on crime of conviction). The same conclusion necessarily follows for a resentence that falls below the originally applicable Guidelines range.

In urging otherwise, Forbes relies on two cases. The first, United States v. Sindima, 488 F.3d 81 (2d Cir. 2007), is distinguishable in that the Sindima defendant's original probationary sentence was within, rather than below, his original Guidelines range.[1] See id.

_____

[1] Sindima was also decided before this court's en banc decision in Cavera. Thus, to the extent Forbes cites it in support of the stricter appellate review of non-Guidelines sentences that this court had employed before Cavera, it is, of course, the Cavera standard, informed by the United States Supreme Court's decisions in Gall v. United States, 522 U.S. 38 (2007), and Kimbrough v. United States, 552 U.S. 85 (2007), that controls this appeal. See United States v. Cavera, 550 F.3d at 188–89.

at 82. In the second case, <u>United States v. Dorvee</u>, 616 F.3d 174 (2d Cir. 2010), we signaled caution in applying the child-pornography Guidelines because of the possibility that they could "lead to unreasonable sentences that are inconsistent with what § 3553 requires." <u>Id.</u> at 184. Such a concern was apparent in <u>Dorvee</u> where the defendant's Guidelines range of 262 to 327 months' imprisonment well exceeded the 20-year statutory maximum for the crimes of conviction. <u>See id.</u> at 176–77. Here, Forbes's Guidelines range of 78 to 97 months' imprisonment is well below the 10-year statutory maximum for his crime, and the challenged 60-month sentence is half the statutory maximum. Moreover, the district court did not here follow the child pornography Guidelines; it specifically sentenced below them.

The challenged 60-month sentence also finds ample support in the record, as explained by the district court. Specifically, the record shows that within months of his original sentencing, Forbes failed to comply with required therapy sessions; lied to his probation officer about taking inappropriate photographs of unsuspecting women in public; and sought to distort the results of a required polygraphic examination. Alerted to this conduct, the district court advised Forbes that if she had known "at the time of sentence what I know today, I would not have put you on probation. I would have sent you to prison." Tr. Oct. 4, 2010, at 3. Nevertheless, the district court did not request that violation proceedings be initiated. After confirming that Forbes understood the seriousness of his failure to comply with probation requirements, it afforded him "a second chance." <u>Id.</u>

4

Before the end of the month, Forbes demonstrated an inability or unwillingness to avail himself of this second chance. Although Forbes's probation officer urged him to ensure that he no longer possessed any items that might violate his probation conditions, during a home visit on October 15, 2010, the probation officer discovered various papers and electronic items raising concerns. Further, Forbes initially lied about his possession of several electronic devices, laptop computers, and computer accessories.

After summarizing the totality of these circumstances at resentencing, and noting a sex offender evaluation indicating Forbes's "sexual interest in prepubescent females," "cognitive distortions with respect to child sexual abuse," and "risk of engaging in a variety of illegal behaviors," the district court concluded that "there is a very significant goal of individual deterrence that is at issue here besides appropriate punishment." Tr. Feb. 7, 2011, at 8–9. This defeats any suggestion by Forbes that the district court failed to provide adequate reasons for the challenged sentence. These factors are properly considered at sentencing, see 18 U.S.C. § 3553(a)(2)(A)–(C); United States v. Cavera, 550 F.3d at 188, and can easily bear the weight assigned to them by the district court in this case, see United States v. Cavera, 550 F.3d at 191. To the extent Forbes complains that the district court failed to consider mitigating circumstances relating to his personal characteristics and lack of criminal history, we do not require a district court specifically to reference each § 3553(a) factor to demonstrate consideration. See id. at 193. In any event, the record shows that the district court considered these mitigating circumstances when it first sentenced Forbes to probation and again on resentencing.

5

Accordingly, we reject Forbes's reasonableness challenge to his sentence as without merit. We have considered Forbes's remaining arguments and conclude that they, too, are without merit. The judgment of the district court is therefore AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court